**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

FILED
OFFICE

05 115 P 1: 07

COURT

| | |
|---|---|
| SALLIE PORTUONDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMBRIDGE BURRITO CORP. | ) |
| D/B/A BOCA GRANDE RESTAURANT, | ) |
| BOSTON BURRITO CORP. D/B/A | ) |
| BOCA GRANDE RESTAURANT, and | ) |
| MARIKO KAMIO, | ) |
| | ) |
| Defendants. | ) |

# 05 11268MLW

RECEIPT #_____
AMOUNT $_____
**C.A. No.** SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____M.Y
DATE_____6/n/2005

MAGISTRATE JUDGE_____ MBB

### COMPLAINT

1.     Plaintiff Sallie Portuondo ("Portuondo") brings this action to recover unpaid

overtime wages for work that she performed for Defendants, Cambridge Burrito Corp. d/b/a

Boca Grande Restaurant, Boston Burrito Corp. d/b/a Boca Grande Restaurant, and Mariko

Kamio (collectively referred to herein as "Defendants"). Portuondo worked for Defendants

between approximately May 20, 2002, and June 2004. During a significant portion of that time

period, Portuondo regularly worked well over 40 hours per week but did not receive overtime

pay.

2. Defendants' failure to pay overtime pay was part of an intentional and deliberate

scheme to avoid the overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C. §

207(a). Defendants operated as a single enterprise but issued two paychecks under different corporate names to Plaintiff for each two-week pay period, with each check containing payment for 40 hours of work per week or less. Frequently, Plaintiff was paid by a different corporate entity than that for which she had actually worked. By so doing, Defendants intentionally sought to evade the overtime pay requirements of the law.

3. Defendants' violations of the FLSA were intentional, and part of a widespread pattern and practice engaged in by Defendants affecting many other employees.

4. Upon information and belief, in 2003 the United States Department of Labor ("U.S. DOL") investigated Defendants' practices and found a violation of the FLSA's overtime provisions. As a result of this investigation, Defendants agreed to make retroactive overtime payments to Plaintiff and other employees for all hours worked over 40 per week during the time period from August 1, 2001, to August 31, 2003 (the time period covered by US DOL's investigation).

5. Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

7. Defendants have their principal places of business in this district, and are therefore subject to personal jurisdiction here.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

**Parties**

9. Plaintiff Portuondo is a resident of Somerville, Massachusetts. Portuondo worked for Defendants between approximately May 20, 2002, and June 2004.

10. Defendant Cambridge Burrito Corp. d/b/a Boca Grande Restaurant ("CBC") is a corporation organized under the laws of Massachusetts with its principal place of business located in Cambridge, Massachusetts.

11. Defendant Boston Burrito Corp. d/b/a Boca Grande Restaurant ("BBC") is a corporation organized under the laws of Massachusetts with its principal place of business located in Cambridge, Massachusetts.

12. Defendant Mariko Kamio ("Kamio") is the President and Treasurer of Cambridge Burrito Corp. and Boston Burrito Corp. She resides in Cambridge, Massachusetts.

13. Defendants employed employees in the activities of selling Mexican food in an enterprise engaged in interstate commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce, all during the relevant time period.

14. Defendants regularly transacted business in this district during the relevant time period.

15. During the relevant time period, Defendants acted as a single enterprise employing Plaintiff and were an enterprise engaged in commerce as defined by the FLSA and administrative regulations interpreting the FLSA.

16. As a result, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA.

## Factual Allegations

17.     Plaintiff Portuondo worked as an employee in the Mexican restaurants owned and operated by Defendants.

18.     Plaintiff regularly worked significantly more than 40 hours per week during the time period from May 20, 2002, to June 1, 2003. She primarily worked at the Boca Grande Restaurant located at 1728 Massachusetts Avenue in Cambridge, Massachusetts. She occasionally filled in for other workers at the Boca Grande Restaurants located at 149 1st Street in Cambridge, Massachusetts, and at 1294 Beacon Street in Brookline, Massachusetts.

19.     During each two-week pay period, Plaintiff typically was paid for 80 hours of work in a paycheck issued by Defendant Cambridge Burrito Corp., located at 1728 Massachusetts Avenue in Cambridge, Massachusetts. All additional hours, reflecting hours worked above 40 per week, and including those additional hours worked in the store located at 1728 Massachusetts Avenue, were paid to Plaintiff in paychecks issued by either Defendant Boston Burrito Corp., located at 149 First Street in Cambridge, Massachusetts, or by Boca Grande Restaurant, located at 1294 Beacon Street, in Brookline, Massachusetts.

20.     Plaintiff was not a salaried employee.

21.     Plaintiff did not receive one-and-a-half times her regular rate of pay when she worked more than forty hours in a week.

22.     During 2003, US DOL investigated Defendants' failure to pay overtime pay. As a result of this investigation, Defendants agreed to pay retroactive overtime pay to its employees.

23.     Despite their agreement with US DOL, Defendants did not pay Plaintiff in full for her retroactive overtime hours. Between May 20, 2002, and June 1, 2003, Plaintiff worked at least 789 hours of overtime, and should have been paid at least $3,316.75 in overtime premiums.

However, Defendants' payments to Plaintiff following its agreement with US DOL were only $1,192.25. Therefore, Plaintiff still has not been paid at least $2,124.50 in overtime pay.

## Count I — Fair Labor Standards Act Claim

24.    Plaintiff realleges and incorporates by reference the above allegations.

32.    Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at one-and-a-half times her regular hourly rate for hours worked in excess of 40 hours per week.

33.    Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

34.    Plaintiff has been damaged by these violations of 29 U.S.C. § 207(a).

35.    Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of her unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA and award those damages against Defendants in favor of Plaintiff, plus an additional equal amount as liquidated damages;

B.    Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses; and

C.    Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

SALLIE PORTUONDO,
By her Attorney,

Jennifer Lynne Huggins (BBO # 642252)
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
(617) 603-1662

Dated: June 13, 2005

℀JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Portuondo, Sallie

**(b)** County of Residence of First Listed Plaintiff    **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jennifer Huggins, Greater Boston Legal
Services, 197 Friend St., Boston, MA 02114

## DEFENDANTS

Boston Burrito Corp. d/b/a Bpca Grande
Restaurant, Cambridge Burrito Corp. d/b/a Boca
Grande Restaurant, and Mariko Kamio.

County of Residence of First Listed Defendant **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)  **05  11268 MLW**

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                            and One Box for Defendant)

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. s. 207(a) & 216(b)
Brief description of cause:
Nonpayment of overtime wages.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
$2,124.50

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  6/13/05

SIGNATURE OF ATTORNEY OF RECORD  _____

### FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) **Sallie Portuondo v. Boston Burrito Corp. d/b/a**
    **Boca Grande Restaurant**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local
    rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    [X]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,   **05 11268 MLW**
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES [ ]        NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)

                                                                    YES [ ]        NO [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES [ ]        NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES [ ]        NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES [X]        NO [ ]

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division  [X]        Central Division  [ ]        Western Division  [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
         residing in Massachusetts reside?

         Eastern Division  [ ]        Central Division  [ ]        Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                                                    YES [ ]        NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME **Jennifer Huggins**

ADDRESS  **Greater Boston Legal Services, 197 Friend St., Boston, MA  02114**

TELEPHONE NO.  **(617) 603-1671**

(CategoryForm.wpd  - 5/2/05)