UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sallie Portuondo | ) |
|   Plaintiff, | ) |
| v. | ) |
| | ) |
| Cambridge Burrito Corp. d/b/a Boca | ) |
| Grande Restaurant, Boston Burrito Corp. | ) |
| d/b/a Boca Grande Restaurant, and | ) |
| Mariko Kamio | ) |
|   Defendants. | ) |
| | ) |

Case No. 05-11268

## ANSWER

Defendants Cambridge Burrito Corp. d/b/a Boca Grande Restaurant, Boston Burrito Corp. d/b/a Boca Grande Restaurant, and Mariko Kamio ("Defendants") answer Plaintiff's Complaint as follows.

1. Paragraph 1 of the complaint is a conclusory statement to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the complaint and call on Plaintiff to prove same.

2. Paragraph 2 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 2 of the complaint and call on Plaintiff to prove same.

3. Paragraph 3 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 3 of the complaint and call on Plaintiff to prove same.

4. Defendants state that the findings of the U.S. Department of Labor ("U.S. DOL") referenced in this paragraph speak for themselves.

5. Paragraph 5 of the complaint is a conclusory statement to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the complaint and call on Plaintiff to prove same.

## Jurisdiction and Venue

6. Paragraph 6 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 6 of the complaint and call on Plaintiff to prove same.

7.  Paragraph 7 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 7 of the complaint and call on Plaintiff to prove same.

8.  Paragraph 8 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 8 of the complaint and call on Plaintiff to prove same.

## Parties

9.  Defendants are without knowledge information sufficient to form a belief as to the allegations contained in paragraph 9 of the complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Paragraph 13 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 13 of the complaint and call on Plaintiff to prove same.

14. Admitted.

15. Paragraph 15 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 15 of the complaint and call on Plaintiff to prove same.

16. Paragraph 16 of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 16 of the complaint and call on Plaintiff to prove same.

## Factual Allegations

17. Admitted.

18. Defendants admit that Plaintiff primarily worked at the Boca Grande Restaurant located at 1728 Massachusetts Avenue, Cambridge, Massachusetts and that Plaintiff occasionally filled in for other workers at the Boca Grande Restaurants located at 149 1st Street in Cambridge Massachusetts and at 1294 Beacon Street in Brookline, Massachusetts. Defendants deny the remaining allegations contained in this paragraph and call on Plaintiff to prove same.

19. Denied.

20. Admitted.

21. Denied.

22. Defendants admit that Defendants cooperated with US DOL with regard to the Boca Grande Restaurants at issue.

23. Denied.

## Count I – Fair Labor Standards Claim

24. Defendants repeat and reallege their responses to paragraphs 1-23 and incorporate them herewith.

25. Paragraph 25 (which Plaintiff labeled paragraph 32) of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 25 of the complaint and call on Plaintiff to prove same.

26. Paragraph 26 (which Plaintiff labeled paragraph 33) of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 26 of the complaint and call on Plaintiff to prove same.

27. Paragraph 27 (which Plaintiff labeled paragraph 34) of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 34 of the complaint and call on Plaintiff to prove same.

28. Paragraph 28 (which Plaintiff labeled paragraph 35) of the complaint contains a statement of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 28 of the complaint and call on Plaintiff to prove same.

## Affirmative Defenses

FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery by her own unclean hands.

THIRD AFFIRMATIVE DEFENSE

Any alleged damages or injuries suffered by the Plaintiff, if any, are the result of her own conduct, actions and omission.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has suffered no cognizable damages.

FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against Defendants are barred by the doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped to advance her claims against Defendants.

SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages or injuries suffered by the Plaintiff is the result of the conduct, actions, omissions and statements of persons or entities other than Defendants and for whom and for which Defendants are not legally responsible or liable.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate her damages, if any.

NINTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from maintaining this action based upon the doctrine of waiver, release and acquiescence.

TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted reasonably and in good faith.

ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statue of limitations.

TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff's claims must be dismissed because any actions taken by Defendants were performed in accordance with law.

THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims must be dismissed because the alleged acts or omissions of Defendants were done with the actual or implied consent of the Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims must be dismissed because the alleged acts or omissions of Defendants did not cause the Plaintiffs any damages alleged or otherwise.

FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred pursuant to the doctrines of res judicata and collateral estoppell.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead contributory and/or comparative fault and negligence of the Plaintiff herein; and any damages to which the Plaintiff would otherwise be entitled to recover herein should be reduced pro rata in accordance with the Plaintiff's own such negligence proximately contributing to the Plaintiff's alleged injuries and/or damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against Defendants are barred by her failure to add an indispensable party.

EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims against Defendants are barred by the doctrine of unjust enrichment.

Defendants reserve the right to plead such other affirmative defenses as become known or apparent during the course of discovery and the right to amend their answer accordingly.

**WHEREFORE,** Defendants respectfully requests that this Court deny the relief requested by the Plaintiff; dismiss this action, with prejudice; assess all costs, expenses, fees, attorneys' fees, together with interest against the Plaintiff and provide such other and all other relief that the Court deems reasonable and proper.

Respectfully submitted,
Cambridge Burrito Corp. d/b/a Boca Grande
Restaurant, Boston Burrito Corp. d/b/a Boca Grande
Restaurant, and Mariko Kamio,
by their attorney:

_____
Sanjit S. Korde
Korde & Associates
321 Billerica Road, Suite 210
Chelmsford, MA. 01824
Tel: 978-256-1500
BBO# 636295

## CERTIFICATE OF SERVICE

I, Sanjit S. Korde, hereby certify that on August 16, 2005, a true copy of the above document was served upon the attorneys of record of all parties to this action via United States mail.

_____
Sanjit S. Korde